O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **MOTOWN RECORD CO., L.P.,** *et. al.*, § § § **Plaintiffs,** § § v. § § **RAFEAL M. IGLESIAS,** § § **Defendant.** § § | Civil Action No. 5:05-cv-34 |

### OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Sanctions and Default Judgment. [Dkt. No. 30]. Upon due consideration of the filings and the governing law, the Court GRANTS Plaintiffs' Motion.

**I.     PROCEDURAL HISTORY AND RELEVANT FACTS**

Plaintiffs own the copyrights to audio recordings that they allege Defendant illegally downloaded using the internet. [Dkt. No. 1 at 3-4]. Thus, Plaintiffs brought this infringement suit on February 28, 2005. [Dkt. No. 1]. Defendant filed his Answer on July 26, 2005, [Dkt. No. 11], along with a baseless and vacuous Motion to Dismiss, [Dkt. No. 12], which the Court denied on March 14, 2006, [Dkt. No. 33]. On August 22, 2005, Plaintiffs served on Defendant their first set if interrogatories, the responses to which were due on September 24, 2005. Defendant's responses were so deficient that the Court ordered Defendant to supplement them, [Dkt. No. 28], which Defendant to date has failed to do. Indeed, Defendant's first set of answers, provided on October 20, 2005, was his last communication with Plaintiffs, and his last communication with the Court was on September 29, 2005. Not only has Defendant ignored this Court's order to

supplement his original answers, he has allegedly failed to respond to repeated attempts by Plaintiffs to develop this suit. [Dkt. No. 31 at 6]. In other words, Defendant effectively abandoned this litigation over a year ago.

Based on the above, Plaintiffs filed the Motion for Sanctions and Default Judgment now before the Court, asking the Court to strike Defendant's Answer and grant default judgment as a sanction, as well as to award Plaintiffs appropriate costs. [Dkt. No. 31 at 3-4]. Defendant has not responded to Plaintiffs' Motion within the time allotted for him to do so under Local Rules 7.3 and 7.4. Therefore, Plaintiffs' Motion will be treated as unopposed.

## II.   DISCUSSION

The Federal Rules of Civil Procedure provide for sanctions against parties who fail to comply with a court's discovery orders. Rule 37 (b)(2), and (b)(2)(C), taken together, provide that:

> [i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] . . . striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

In the Fifth Circuit, two criteria must be met before a district court may grant the sanction of default judgment: "First, the penalized party's discovery violation must be willful[;]" . . . and, second, it must be the case that "a lesser sanction would not substantially achieve the desired deterrent effect." *United States v. 49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

The Court considers Defendant's blatant disregard of this litigation and the Court's orders pertaining thereto as willful. A different conclusion is hardly tenable given that Defendant filed an Answer to Plaintiffs' Complaint, as well as submitted answers to Plaintiffs' interrogatories, both of which clearly evidence his awareness of proceedings requiring his involvement.

Second, the Court is not "required to attempt to coax [Defendant] into compliance with its order by imposing incrementally increasing sanctions." *Id.* at 378. In *49,000 Currency*, the Fifth Circuit affirmed the entry of default judgment even though the appellant had eventually complied with the district court's order—it was merely tardy in doing so. By contrast, Defendant has simply ignored this Court's order compelling discovery, as he has Plaintiffs' attempts to develop this litigation. As was the case in *49,000 Currency*, a "lesser sanction" is not required since the Court has already entertained a Motion to Compel, waited for Defendant's response thereto, and ruled on that Motion in favor of Plaintiffs. To be sure, default judgment is a severe sanction, but, in those cases where the imposition of such has been deemed proper, the penalized party engaged in the very conduct demonstrated by Defendant. *See id.*; *Monogram Models v. Industro Motive Corp.*, 492 F.2d 1281 (6th Cir. 1974) (upholding default judgment in copyright infringement suit where the defendant failed to answer interrogatories and comply with a court order requiring it to do so); *Norman v. Young*, 422 F.2d 470 (10th Cir. 1970); *American Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521 (D.N.Y. 1999); *c.f. United States v. Certain Real Prop. Located at Route 1*, 126 F.3d 1314 (11th Cir. 1997) (holding that default judgment sanction was abuse of discretion because it was granted without a prior court order compelling discovery).

### III.   CONCLUSION

Defendant's Answer is stricken pursuant to FED. R. CIV. P. 27(b)(2) and, accordingly, Plaintiffs' Motion for Default Judgment is **GRANTED**. With respect to remedies, the Court awards the following:

1.   Minimum statutory damages of $750, pursuant to 17 U.S.C. § 504(c), for each of the eight copyrighted works infringed by Defendant as listed in Exhibit A of the Complaint, totaling $6,000;

2. Costs of $315 and reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

3. A permanent injunction enjoining Defendant from infringing Plaintiffs' rights, as conferred via state or federal law, with respect to any sound recording, including those not yet in existence, controlled by Plaintiffs. The enjoined conduct includes, but is not limited to, using the internet or any online media distribution system to reproduce any of Plaintiffs' copyrighted sound recordings. Defendant shall also destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Plaintiffs shall provide an affidavit of fees to the Court within fourteen (14) days of this Order to assist the Court in assessing reasonable attorney's fees. The affidavit shall contain the customary hourly rate of each attorney involved, a detailed description of each task completed, and a statement of the amount of time expended on each task.

IT IS SO ORDERED.

Done this 15th day of November, 2006, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**